UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| UNITED STATES for the benefit and use of MVC ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN INTEGRATED SERVICES, INC., et al., <br><br> Defendants. | Case No. 18-cv-07145-LB <br><br> **ORDER FOR DEFENDANT ENVIRONMENTAL CHEMICAL CORPORATION TO SHOW CAUSE WHY IT HAS NOT DISCLOSED THE IDENTITY OF ITS MILLER ACT SURETY TO PLAINTIFF** <br><br> Re: ECF No. 27 |
| AMERICAN INTEGRATED SERVICES, INC., <br><br> Counterclaimant, <br><br> v. <br><br> MVC ENTERPRISES, INC., <br><br> Counterdefendant. | |

## INTRODUCTION

This case involves a government contract and a payment bond issued under the Miller Act, 40 U.S.C. §§ 3131–3134. The Army Corps of Engineers entered into a work contract with a company called Environmental Chemical Corporation ("ECC"), which subcontracted with a company called American Integrity Services, Inc. ("AIS"), which in turn subcontracted with a company called MVC Enterprises, Inc. The Army Corps of Engineers required ECC to obtain a "Miller Act

ORDER – No. 18-cv-07145-LB

payment bond," and ECC obtained a payment bond from a surety company that has not yet been identified in this litigation. MVC alleges that it was not paid for the work it performed and sued AIS, ECC, and the surety. Because MVC does not know the identity of the surety, it sued the surety as "Doe 1."

It is undisputed that the only basis for federal subject-matter jurisdiction is MVC's Miller Act claim against the surety. AIS moves to dismiss, arguing that because MVC has not timely amended its complaint to replace the "Doe 1" designation with the actual name of the surety, MVC's Miller Act claims against the surety should be dismissed, and consequently that this whole case should be dismissed for lack of subject-matter jurisdiction.

ECC must know the identity of its surety, and the court is at a loss why this information has not been disclosed to MVC to date. The court therefore orders ECC to show cause why it has not disclosed the identity of its surety to MVC. ECC must submit a written response no later than May 31, 2019. MVC may (but is not required to) submit a written response by June 4, 2019 at noon. The parties must appear before the court on June 6, 2019 at 10:00 a.m., when the court will address both this order to show cause and AIS's pending motion to dismiss.

## STATEMENT

### 1. The Miller Act Generally

The Miller Act provides that "[b]efore any contract of more than $100,000 is awarded for the construction, alteration, or repair of any public building or public work of the Federal Government, a person must furnish to the Government the following bonds, which become binding when the contract is awarded: . . . . (2) A payment bond with a surety satisfactory to the officer for the protection of all persons supplying labor and material in carrying out the work provided for in the contract for the use of each person." 40 U.S.C. § 3131(b).

The policy behind the Miller Act is to provide for a separate entity — a "surety" — that issues a "payment bond" to pay subcontractors if the prime contractor defaults. *Taylor Constr. Inc. v. ABT Serv. Corp. Inc.*, 163 F.3d 1119, 1122 (9th Cir. 1998). The Miller Act gives subcontractors and sub-subcontractors that are not paid a right to file a suit in federal court against the payment

bond. 40 U.S.C. § 3133(b)(2); *see, e.g.*, *Technica LLC v. Carolina Cas. Ins. Co.*, 749 F.3d 1149, 1152 (9th Cir. 2014) ("[T]he Miller Act provides [subcontractors and sub-subcontractors] a federal cause of action, [and] 'the scope of the remedy as well as the substance of the rights created thereby is a matter of federal not state law.'") (quoting *F.D. Rich Co., Inc. v. United States ex rel. Indus. Lumber Co., Inc.*, 417 U.S. 116, 127 (1974)). "[The Miller Act] 'represents a congressional effort to protect persons supplying labor and material for the construction of federal public buildings in lieu of the protections they might receive under state statutes with respect to the construction of nonfederal buildings.'" *Technica*, 749 F.3d at 1152 (quoting *Mai Steel Serv. Inc. v. Blake Constr. Co.*, 981 F.2d 414, 416–17 (9th Cir. 1992)). "The Miller Act is highly remedial in nature, and 'is entitled to a liberal construction and application in order properly to effectuate the Congressional intent to protect those whose labor and materials go into public projects.'" *Id.* (quoting *United States ex rel. Sherman v. Carter*, 353 U.S. 210, 216 (1957)).

### 2. The Federal Work Contract

In October or November 2017, the U.S. Army Corps of Engineers signed a contract (the "Prime Contract") with ECC on a federal project to remove debris left from fires in October 2017 in Mendocino, Sonoma, Lake, and Napa Counties.[1] The Army Corps of Engineers required ECC to obtain a Miller Act payment bond.[2] ECC affirms that it obtained a Miller Act payment bond.[3]

ECC in turn subcontracted with AIS.[4] AIS in turn subcontracted with MVC to provide labor, materials, equipment, and other facilities required to complete the Prime Contract and specifications.[5] MVC alleges that it completed its work under its subcontract and was owed $206,224.90 under its subcontract and that AIS failed to pay it for its work.[6]

---

[1] Compl. – ECF No. 1 at 2 (¶ 8). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 2–3 (¶ 10).

[3] ECC Answer – ECF No. 7 at 2 (¶ 10).

[4] Compl. – ECF No. 1 at 2 (¶ 9).

[5] *Id.* at 3 (¶ 11).

[6] *Id.* (¶¶ 13–14).

ORDER – No. 18-cv-07145-LB          3

### 3. Procedural History

A subcontractor or sub-subcontractor that supplies labor or materials for work on a prime contract covered by the Miller Act and that has not been paid may request by affidavit a copy of the relevant Miller Act payment bond from the government agency that issued the contract. 40 U.S.C. § 3133(a).

In April 2018 — seven months before it brought this lawsuit — MVC requested by affidavit that the Army Corps of Engineers provide it with a copy of ECC's payment bond.[7] The Army Corps of Engineers did not provide MVC with a copy of the payment bond.[8] MVC tried to follow up with the Army Corps of Engineers at least four times, all to no avail.[9]

In November 2018, MVC filed this suit against AIS, ECC, and the surety that issued ECC's Miller Act bond, alleging claims of (1) breach of contract against AIS, (2) quantum meruit against AIS and ECC, and (3) a claim under the Miller Act against the surety.[10] Because MVC still did not know the identity of the surety, it sued the surety as "Doe 1" and stated that it "will seek to leave to amend under [Federal Rule of Civil Procedure] 15 upon learning DOE 1's true identity."[11]

ECC and AIS are represented by the same counsel.[12] MVC's counsel submitted a sworn declaration attesting that on February 22, 2019, he met and conferred with ECC/AIS's counsel over what the parties would produce under their Rule 26 initial disclosures.[13] MVC's counsel attests that on February 27, 2019, the parties agreed to provide their disclosures and certain agreed-upon documents by March 7, 2019.[14] (The defendants did not submit a counter-declaration disputing these facts.)

---

[7] Lynch Decl. – ECF No. 30 at 7 (¶ 2); Lynch Decl. Ex. 1 – ECF No. 30 at 9–10.
[8] *See* Lynch Decl. – ECF No. 30 at 7 (¶ 3).
[9] *Id.*
[10] Compl. – ECF No. 1 at 3–5 (¶¶ 16–28).
[11] *Id.* at 2 (¶ 7).
[12] *See* Docket.
[13] Lynch Decl. – ECF No. 30 at 7 (¶ 4).
[14] *Id.* (¶ 5).

On February 28, 2019, the court held an initial case-management conference and issued a case-management and pretrial order (which the court later amended).[15] The order set an April 1, 2019 deadline for the parties to seek leave to add new parties or amend their pleadings.[16]

According to MVC's counsel's declaration, on March 7, 2019, MVC made a written demand for the promised disclosure documents.[17] On March 8, 2019, counsel for ECC/AIS produced some documents but did not produce Rule 26 initial disclosures for ECC.[18] Counsel for MVC contacted counsel for ECC/AIS more than once in April 2019 to ask for ECC's initial disclosures.[19] On April 22, 2019, counsel for MVC and counsel for ECC/AIS had a call, where MVC stated that ECC and AIS had not produced the documents the parties had agreed at their initial meet and confer that they would produce.[20]

On May 2, 2019, AIS moved to dismiss.[21] AIS first argues that MVC did not timely move to amend its complaint to substitute "Doe 1" with the actual name of the surety that issued the Miller Act payment bond. AIS contends that the time for the parties to seek leave to add new parties or amend their complaint lapsed on April 1, 2019, so MVC cannot amend its complaint to add the actual name of the surety now. AIS next argues that MVC cannot pursue a claim against a Doe defendant, so MVC's Miller Act claim against "Doe 1" must be dismissed. AIS finally argues that the only basis for federal subject-matter jurisdiction is the Miller Act claim,[22] so if the Miller Act claim is dismissed, the entire case must be dismissed, without prejudice to its being refiled in state court.

---

[15] Order – ECF No. 25; Amend. Order – ECF No. 26.

[16] Order – ECF No. 25 at 2; Amend. Order – ECF No. 26 at 1.

[17] Lynch Decl. – ECF No. 30 at 7 (¶ 5).

[18] *Id.*

[19] *Id.* (¶ 6).

[20] *Id.* at 8 (¶ 7); *see* Lynch Decl. Ex. 3 – ECF No. 30 at 13.

[21] AIS Mot. – ECF No. 27.

[22] It is undisputed that there is no diversity jurisdiction, as MVC, ECC, and AIS are all California corporations. *Id.* (¶¶ 4–6).

After receiving the motion, counsel for MVC reiterated his demand for documents from counsel to ECC/AIS.[23]

**ANALYSIS**

ECC affirms in its answer to MVC's complaint that it obtained a Miller Act payment bond.[24] Thus, there must exist a surety that issued that bond. AIS claims that "[i]t is unclear whether a Miller Act Payment bond was ever issued on the Project,"[25] but this argument fails in the face of ECC's statement that it did obtain a Miller Act payment bond.[26]

The only issue is the fact that MVC does not know who the surety is and thus has named it as "Doe 1."[27] "Although 'as a general rule, the use of "John Doe" to identify a defendant is not favored,' in circumstances 'where the identity of alleged defendants will not be known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Park v. Thompson*, 851 F.3d 910, 928 n.21 (9th Cir. 2017) (internal brackets and ellipsis omitted) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642–43 (9th Cir. 1980)).

MVC states, and the defendants do not dispute, that the parties agreed to produce certain documents and make their Rule 26 disclosures on March 8, 2019. MVC implies that these

---

[23] Lynch Decl. – ECF No. 30 at 7 (¶ 8).

[24] ECC Answer – ECF No. 7 at 2 (¶ 10).

[25] *Id.* at 6.

[26] The counsel that represents AIS in intimating in its motion to dismiss that perhaps there never was a Miller Act payment bond is the same counsel that represents ECC in affirming in its answer that there was a Miller Act payment bond. While AIS's motion and ECC's answer were signed by two different attorneys, both attorneys are from the same firm and each has appeared in this action on behalf of both AIS and ECC. *See* Joint Case Mgmt. Statement – ECF No. 18 at 8 (attorney who signed AIS motion to dismiss appearing on behalf of both AIS and ECC); AIS Answer – ECF No. 7-1 at 8 (attorney who signed ECC's answer also signed AIS's answer).

[27] It is undisputed that MVC has the right to bring a claim under the Miller Act against the surety, 40 U.S.C. § 3133(b)(2), and that a Miller Act claim gives rise to federal subject-matter jurisdiction. *Accord* AIS Mot. – ECF No. 27 at 5 ("Defendant does not disagree that a valid cause of action under the Miller Act does grant federal court's exclusive jurisdiction under [28 U.S.C.] § 1331 and [40 U.S.C.] § 3133(b)(3)(B)."). The only issue is that the surety's identity is unknown.

documents and disclosures would contain the identity of the Miller Act payment bond surety. MVC states, and the defendants do not dispute, that ECC did not make all of these productions and disclosures on March 8 or at any point before AIS filed its motion to dismiss.

The court hereby orders ECC to show cause why it has not disclosed the identity of its surety to MVC. After reviewing ECC's response, and any optional further response MVC might submit, the court will evaluate how to proceed, including whether to allow MVC to amend its complaint to name the surety as a defendant, notwithstanding that the deadline for the parties to seek leave to add new parties or amend their pleadings has passed. *Cf.* Fed. R. Civ. P. 16(b)(4) (court can modify its scheduling order for good cause).

## CONCLUSION

The court orders ECC to show cause why it has not disclosed the identity of its surety to MVC. ECC must submit a written response no later than May 31, 2019. MVC may (but is not required to) submit a written response by June 4, 2019 at noon.

**IT IS SO ORDERED.**

Dated: May 28, 2019

_____
LAUREL BEELER
United States Magistrate Judge